**Ada Rantz, Appellant, v. William Dale et al., Appellees.**

WILLS—*construction as to extent of testamentary disposition to executor.* *Held,* from a consideration of the will in question in this case, that the testator intended that his executor should collect rents as well as income from personal property and make distribution thereof as provided by the will and that while no specific devise of real estate was made to such executor such devise was to be implied from the entire construction of the will.

Bill in chancery. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

BELLATTI, BARNES & BELLATTI, for appellant.

KIRBY & WILSON and GEORGE L. MERRILL, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

The questions involved in this appeal arise out of the following facts: Frank Rantz departed this life intestate, leaving him surviving Ada Rantz, his widow, and one child, Francis R. Rantz, who was then about 14 years of age. He left considerable real and personal estate, and by his will devised and bequeathed to his widow certain personal property and a life es-

tate in the homestead. He also devised to his executor in trust 160 acres of land, and directed that the net income derived therefrom should be paid to his widow during her life. The remainder of his estate he devised and bequeathed to his said son subject to certain conditions and restrictions hereinafter stated.

The widow renounced the provisions of the will in her favor, and elected to take under the statute. She then filed a bill asking that her dower and homestead as widow be assigned and set off to her, to which bill as amended, her son, appellee Dale and certain other tenants of the real estate, appellee Wemple the executor of the will, appellant Rogers, guardian of Francis R. Rantz, and others named in the will having a possible contingent interest in the estate, were made defendants. Wemple, the executor, filed his answer and cross-bill claiming that by virtue of said will the testator placed all the real estate devised to his son in the hands of said executor to manage and control and to collect all the rents therefrom until said son should have reached the age of thirty years, unless he should die sooner, and praying that the will be construed by the court and that a decree be entered giving him, as executor, possession and management of, and the right to lease and collect the rents of said real estate devised to said Francis R. Rantz, until he arrived at the age of thirty years, unless he died sooner.

Rogers answered the amended bill asking for a construction of the will in question, denying the averments of the answer of Wemple the executor, above set forth, and alleging that by said will the testator devised real estate to his said ward unconditionally; that said devise took effect immediately upon the death of the testator; that the possession and right of possession vested in his ward at that time, and praying that the court so decree, and that the real estate be managed by said guardian until his ward should arrive at his legal majority. Such answer was afterward ordered to stand as a cross-bill. Upon a hearing on said cross-

bills, the court entered a decree directing the executor to take possession of the real estate, to hold, manage and lease the same and collect the rents thereof, until the said Francis R. Rantz should arrive at the age of twenty-one years, and dismissing the cross-bill of Rogers as guardian, for want of equity. From such decree Rogers prosecutes an appeal to this court.

The provisions of the will relative to the devise and bequest to the said Francis R. Rantz are as follows:

"Fourth: I give, devise and bequeath to my son, Frank R. Rantz, all the rest, residue and remainder of my estate, both personal and real, not otherwise herein disposed of, but under the following restrictions and conditions, viz: I direct and order that my executor provide my son with sufficient funds from money in his hands belonging to my estate for his comfortable but not extravagant or wasteful living expenses and for the acquiring of a liberal education, such as he may wish to avail himself of.

"Fifth: As soon as convenient after my son, Frank R. Rantz, shall have reached his twenty-first birthday, I direct that my executor place in his hands as nearly one-half of my personal property then available as shall be convenient, taking proper receipts therefor. And I further direct that when my said son reaches the age of twenty-five years that my executor shall give into my son's possession any remaining surplus on hand belonging to my personal estate and not needed by my executor in carrying out the further provisions and conditions of this will, taking my son's receipts therefor, but my said son, Frank R. Rantz, shall not be authorized to sell, or in any manner encumber any of my real estate until after he shall have arrived at the age of thirty (30) years; and in case he shall not live to reach the age of thirty years, or in the event of his death at any time before reaching the age of thirty years, leaving no surviving child or children of his own blood relation born in lawful wedlock, then it is my will that all my real estate, including my residence property in Waverly and the one hundred and sixty (160) acres of land, the use and net income of which

is given to my said wife during her natural life, together with any personal property remaining in the hands of my executor not disposed of, shall be, by my executor converted into money by selling the real estate and collecting any notes, accounts or other evidences of indebtedness due my estate as soon as convenient after the demise of my son and of my wife, and from the proceeds of such real estate and such personal effects I direct that my executor then pay over to the Society known as the Independent Order of Odd Fellows of Waverly the sum of ten thousand dollars, to be used solely for the purpose of building a hall for the use and occupancy of that Society, taking the receipts of the Trustees of that Order therefor, but in no event shall said ten thousand dollars be paid to said Society until said Society shall have furnished my executor with satisfactory obligation that said money shall be used for the purpose named only.

"Sixth:  After paying all debts, costs, taxes and expenses, my said executor shall pay over the balance belonging to my estate to my legal heirs of blood relation in the manner provided by the Statute of the State of Illinois.  The ten thousand dollars spoken of as to be paid under certain circumstances to the Society, Independent Order of Odd Fellows, is not to be paid, nor is the provision for distribution to my legal heirs of blood relation according to the laws of Illinois following to be regarded in case my son, Frank R. Rantz, lives to the age of thirty years, or in case of his death before reaching that age, leaving a living child or children of legitimate parentage.

"Seventh:  In case any attempt shall be made on the part of any person or persons whomsoever to set aside, enlarge or diminish any of the provisions or conditions written in this will, I hereby authorize, order and empower my executor to use any money or other available property belonging to my estate in the legal defense of this, my last will and testament, with all its provisions and conditions.

"Eighth:  It is my will that such funds as shall from time to time come into the hands of my executor from rents and otherwise, and not needed by my execu-

tor in carrying out the provisions of my will, be loaned safely and carefully at such rates of interest as shall be obtainable with satisfactory security."

It is admitted by appellant that the testator intended that his executor should hold the personal property in trust for the purposes specified in the will. It is insisted, however, that such was not his intention as to the real estate. We are of opinion that it was the obvious intention of the testator, as gathered from a fair and reasonable construction of the foregoing clauses of his will, that the rents derived from the real estate devised to his son should be collected by his executor and treated as personal property for the purpose of conservation and distribution. This is indicated by the provision that the funds which Francis R. Rantz should receive during his minority, from the executor, should be furnished from moneys in the hands of the executor belonging to the estate of the testator. This language applies as well to money received from rent as to income from personal estate. No distinction is made as to the source from which the moneys in the hands of the executor are realized or derived. Such construction is further warranted by the eighth clause of the will, which provides that such funds as shall from time to time come into the hands of the executor from rents and otherwise, and not needed by said executor in carrying out the provisions of the will, be loaned safely and carefully, etc.

Clause 4 provides that the executor provide the son, during his minority, with funds sufficient for his support and education. By clause 5, the executor is directed to pay over to the son, when twenty-one years old, one-half of the personalty then available. We think that by the words, "one-half of my personal property," used in this connection, the testator meant one-half of what, at the time of distribution, would be personalty, as distinguished from realty. It is the executor who is by clause 5 directed to give into the son's possession, when he shall reach the age of

twenty-five, any remaining surplus of personalty on hand, that is, in the hands.of the executor, and to convert into money all the realty belonging to the estate, and to collect any notes, accounts or other evidences of indebtedness due to his estate in the event of the death of the son under thirty years of age and leaving no legitimate issue surviving him, and to pay over out· of the fund raised by the sale of real estate and the collection of all notes, accounts and other evidences of indebtedness due to the estate, the alternate bequest of $10,000 to the Odd Fellows Society.  By clause 6, the executor is directed to pay over the residue of the fund so raised to the legal heirs of the testator, after first paying all debts, taxes and expenses.  By clause 8, to lend safely and carefully such surplus fund as may come into his hands, from time to time, from rents and otherwise.  By clause 7, to use any money or other available property in sustaining his will with all its provisions and conditions.  We are therefore of opinion that while the testator did not by express words, devise the real estate to his executor in trust for any purpose, it was his intention to impose upon said executor the power and duty to, as trustee, manage and control the real estate devised to Francis R. Rantz, until said minor shall have arrived at his majority, in case he so long survives.

The questions as to the rights, duties and powers of the executor ·in the premises at the time and after Francis R. Rantz reaches his majority, and as to the ultimate disposition of the property or its control, are not necessarily involved in this appeal and need not be determined at this time.

The decree of the Circuit Court is·affirmed.

*Affirmed.*